Case number 21-5416, USA v. Ricky Riddle, argument not to exceed 15 minutes per side. Ms. Rust, you can proceed for the appellant. Oh, we just, I mean, didn't that count for both? Your Honor, we did not, there are a couple of things we did not address. We did not address... I thought we were doing both there. Now, I understand these are two different human beings, but Judge Schantz, what do you think? If I might explain... Can each have five minutes, maybe? Yeah. Are you okay with that? Yes, I'm fine. If you've got something else to raise... You can each have five minutes, okay? Because we just, you know, we'd spent a lot of time well over. What the Riddle case raises that we did not discuss in the prior case is it is limited to the guidelines definition. So not only does robbery have to not qualify under the Use of Force Clause, it also must not qualify under the Enumerated Offenses Clause. And the enumerated, this court in Yates defined generic robbery. So in order to qualify as an enumerated offense, it must be the generic version of the crime. It defined generic, excuse me, robbery as the misappropriation of property under circumstances involving immediate danger to the person. And Tennessee's robbery statute does not involve, necessarily involve this immediate danger to the person. And that can be seen most clearly in the exception for threats of, the threat to accuse an individual of committing sodomy. The government... That argument specifically was not. However, this court has held that when an individual makes a general argument that the Armed Career Criminal Act was improperly applied, and the same logic would go to whether or not an enhancement under the guidelines was improperly applied, that the specific challenge to the specific predicate is protected or is... If nobody brought this particular point to the district court's attention, it's hard for me to see how that particular point is preserved. It really is. I mean, just in the limited amount of time you have, I'm just telling you from my own self. Even if it's not preserved, Your Honor, I think that the court could apply plain error to this analysis because it is plain from the statute, from the Tennessee case law, that Tennessee includes this nonviolent, this exception to robbery by fear. And the Armed Career Criminal Act and the similar enhancement under the guidelines requires... I'll get the specific quote. The misappropriation of property under circumstances involving immediate danger to the person, which is measured either by the serious bodily injury suffered or threatened against the victim or the force used by the defendant. Do you think that Yates is consistent with Stoeckling? In that Stoeckling... Well, Stoeckling was addressing the use of force clause, which is a different analysis than when we're applying the enumerated offenses clause. But would it be a different analysis, really? I mean, I understand that. When we're looking at the enumerated offenses clause, we're looking at the generic version of the statute. So what was in the majority of states at the time that the guideline was passed, basically. So what do the majority of the states today, how do they define robbery? And the majority of states do not define robbery with this exception for making a false threat of sodomy. Is your argument as to whether this is generic burglary just limited to this exception, or do you have a broader argument? No, Your Honor, I've laid out a broader argument in the briefing, and I do stand by that. Tennessee has interpreted the term violence and the term physical force. Is that the same thing we were just talking about in the other case? Well, it's focused on what constitutes force, as opposed to whether or not it's an intentional threat. And I would stand by the briefs, the arguments that I made in the brief, but this can be most plainly seen in Tennessee's sodomy exception to the robbery statute. And Tennessee has... Which has, like, never been applied in 100 years. Is that fair? Your Honor, in the case that established it, Britt v. State, which was... 1846. Yes, it was a Tennessee Supreme Court case. So, it's yes, right? In more than a century, there's been no application of this putative exception. What Britt did... That's correct. But what Britt did is there was a defendant who was convicted of robbery because the victim said he threatened to accuse me of counterfeit, of passing a counterfeit bill. So, in determining that does not count as robbery, the Tennessee Supreme Court explained there is one limited exception, which is the threat to accuse someone of sodomy. And... So, even that case doesn't actually apply, right? It did not apply, Your Honor, but it was essential to the court's holding. You know, I mean, if we're talking about a realistic possibility that, you know, somebody is going to be convicted based on a particular interpretation of the state crime, this doesn't seem to be getting very far. I would... You can finish your... Give us one sentence. Again, Your Honor, the state Supreme Court, the highest Supreme Court, has told us this qualifies as robbery and has repeatedly used the Britt definition as recently as 2000... And the last thing is that the state has repeatedly said that the statutes have not modified the common law view. Okay. Judge Strantz, do you have any more questions? Judge Elvandian? All right, thank you again. All right, Mr. McLaurin, I'm sure you're dying to come up here. Go ahead. May it please the court, I'll try to be brief. I just wanted to begin by responding to this point about Britt. I think, as you noted rightly, Judge Kepledge, Britt has no... I mean, this alleged exception has never been applied. I would say it also isn't clear that Britt was even adopting that exception. Britt's discussion of it, as you noted, was dicta. It wasn't essential to its holding. And its discussion of it is very clear. It's talking about what the English courts have done. So it's essentially describing what has happened in English common law. And it describes that exception in English common law as being extremely anomalous. And it ends the opinion by suggesting that Tennessee doesn't have that exception because it says our statutes were made studiously with a view to exclude this. Let's talk about the Wooden issue. Certainly. Because you had to sit there for a while and I guess brought that up rather late. So do you care to add anything to our exchange on that? I mean, I think Your Honor pointed out correctly that there's really no dispute that these offenses... that there's a different occasions issue here. I mean, the dates are pretty clear that at least four of these offenses were committed months apart. I mean, at least three of them were committed several years apart. I mean, can you just, as a factual matter, can you confirm my understanding that his predicate offenses are... he's got separate criminal judgments entered on separate dates. Is that accurate or am I mistaken? I know at least three of the judgments, at least for three of his offenses, they were entered on separate dates. That's all you need, right? Well, it's not when the judgments were entered. It's when the offenses were committed. There were three robberies on the same day, right? There were three robberies on the same day. If you counted them as one, you'd still get four different ones, wouldn't you? Absolutely, Your Honor. Yeah, I mean, you know, if he's got a criminal judgment in year one and another criminal judgment in year four and another one in year ten, I mean, what's really the issue? That's what I'm asking. I don't think there is an issue. Do you know what years? You know, if you batch those robberies together and just say that's one, do you know what the time frame is? These criminal judgments. I'm sorry, I don't have those specific notes right in front of me, but 1994 was one of them. 2000 was like a bunch of robberies. One in March and then several in February. And then 2007. So we're talking about very disparate times here. And under Apprendi, the fact of the prior criminal judgment is one the court can find, if I recall. That's correct, Your Honor. And under Hennessey, in looking at the judgment, you can consider the date of the offense that is listed in the judgment. And Wooten didn't affect anything about Hennessey as you pointed out, Judge Strange. So we don't think that there's really a Wooten issue here that the court needs to address. We think even when you apply Wooten's different occasions test, the facts here meet it. Don't you think there is a Sixth Amendment question? I mean, I understand Hennessey, I suppose, takes care of it. But it's problematic. I mean, I would agree. There's a Sixth Amendment question. The court has already addressed and rejected that question in Hennessey. And I think this court is bound to follow that decision. I mean, to the extent that the court wants to reopen that, that may be something the en banc court could consider. But Hennessey's already resolved that question in this circuit. Every other circuit, I would note, has resolved the Sixth Amendment question in the exact same way as Hennessey. So there is a Sixth Amendment question. I do acknowledge that. But it has already been addressed and resolved. And this court doesn't need to resolve it in this case. I mean, if you were just here with the one judgment that had the three robbery convictions, then we'd have a pretty significant Sixth Amendment issue on our hands, maybe, after Wooten. Perhaps. Yes, perhaps. I mean, again, that's not the facts that we're dealing with here. We think these facts here clearly fit under Wooten's test. We would also say that the date of the offense, considering the date an offense was committed, doesn't really raise the Sixth Amendment problem. Because as the court said, you can consider the fact of a prior conviction. It's our position that the date an offense is committed is inherent in the fact of a prior conviction. Because that date is necessary to correct the defendant. But if you're looking at the date, I mean, we know March 18th there were three robberies. But you have to look at what their connectedness was. I mean, the things that Justice Kagan was talking about. In order to do that, we need some more information. Somebody's got to find some facts, right? Yes. Arguably. The Supreme Court's new test does seem to raise questions about how much fact-finding can happen consistent with the Sixth Amendment. That's not an issue that the court needs to address in this particular case, though, because of the facts that we have here with these offenses being committed on dates very far apart from one another. At least for four of them. The court doesn't need to consider whether the three on the same day were one or more than one because he has enough even if they were just one. Were they, I'm curious, the ones that were in 2000, the February and the March ones, were those indicted together? I believe they were indicted together. I think the February and March ones were indicted together. The March one may have been in a different indictment. I'm sorry? Weren't there three indicted together? Yes, there were three that were indicted together that he committed on the same day. Basically robbed people at a bunch of different places. The places are, in fact, a distance apart from one another. But again, the court doesn't need to get into that issue in this particular case because... As long as the February one is different than the three March ones? The March one is different than the three February ones, yes. Okay, I thought it was three in March. Okay, all right. Maybe I had that wrong. I'll leave the record to address it. Unless there are any other questions, we rest on our briefs. Very well. Thank you both again for your arguments. And this case will likewise be submitted.